**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERESA D. PATRICK,

                Plaintiff,                     **CASE NO.**: 8:20-cv-1921

v.

TARGET CORPORATION,

                Defendant.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

The Plaintiff, TERESA D. PATRICK, by and through her undersigned counsel, hereby files this Complaint against the Defendant, TARGET CORPORATION, and respectfully alleges and states as follows:

## <u>INTRODUCTION</u>

1. Plaintiff brings this action against Defendant, her former employer, seeking to recover damages under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("FMLA"); Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq*. (the "ADA") and its implementing Regulations; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and its implementing Regulations; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq*. (the "ADEA"); and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended ( the "FCRA"), § 760.01 *et seq*., Florida Statutes.

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her and altered the terms, conditions, and privileges of her employment because of her disability and age, failed to accommodate her requests for reasonable accommodations, and retaliated against her in violation of her rights under the ADA, Title VII, the ADEA and the FCRA. Further, Plaintiff alleges that Defendant unlawfully interfered with the exercise of her FMLA rights and unlawfully retaliated against Plaintiff for exercising those rights in violation of the FMLA.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

4.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

5.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Sarasota County, Florida.

6.     Venue also is proper in this District because the Defendant is subject to personal jurisdiction therein by virtue of its substantial, continuous, and systematic commercial activities in this District and Division. *See* 28 U.S.C. §§ 1391(b)(1); 1391(c)(2); 1391(d). As corporate Defendant is subject to personal jurisdiction in this District and Division with respect to the instant civil action, Defendant "resides" in this District and Division for venue purposes. *See* 28 U.S.C. §§ 1391(c)(2); 1391(d).

7.     Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

8.     Plaintiff requests a jury trial for all issues so triable.

## **PARTIES**

9.     Plaintiff TERESA D. PATRICK (hereinafter referred to as "Plaintiff") is a fifty-five (55) year old individual and resident of Sarasota County, Florida who, at all times material herein, resided in Sarasota County, Florida.

10.    During the time period from on or around March 31, 1992 until on or around June 28, 2019, Defendant employed Plaintiff in various positions at its Target Store.

11.    At all times material herein, Defendant employed Plaintiff as a Style Team Leader at Target Store T-0813 located at 4271 Tamiami Trail S in the City of Venice, County of Sarasota, State of Florida.

12.    At all times material herein, Plaintiff was a member of the class of individuals over the age of forty (40) protected by the federal and state civil rights laws referenced herein.

13.    At all times material herein, Plaintiff met the definitions of "employee" and/or "eligible employee" under all applicable federal and state statutes.

14.  At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA. Plaintiff was an eligible employee within the meaning of the FMLA as she had been employed for at least twelve (12) months, had been employed for at least 1,250 hours during the twelve-month period immediately preceding the commencement of her leave, and was employed at a worksite where fifty (50) or more employees were employed by Defendant within seventy-five (75) miles of that worksite. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110.

15.  At all times material herein, Plaintiff suffered from a serious health condition within the meaning of the FMLA in that she had an impairment and physical condition that involved continuing treatment by a health care provider. 29 U.S.C. § 2611(11). Specifically, Plaintiff suffered from the serious health condition of vertigo.

16.  Moreover, Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides that the term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual"; "a record of such an impairment"; or "being regarded as having such an impairment." 42 USC § 12102(1)(A)–(C).

17.  At all times material herein, Plaintiff had one or more disabilities within the meaning of the ADA, its implementing Regulations, and the FCRA as she had one or more physical impairments that substantially limited one or more major life activities, had a record of such impairments, and/or was regarded as having such impairments.

18.  At all times material herein, Plaintiff had a disability within the meaning of the ADA, its implementing Regulations, and the FCRA as she suffered from, and has a record of, the serious medical condition of vertigo.

19.     Plaintiff's vertigo, although episodic, is a disability within the meaning of the ADA and its implementing Regulations, in addition to the FCRA, because it is a physical impairment that substantially limits one or more major life activities, including, but not limited to, performing manual tasks, seeing, walking, standing, reading, concentrating, thinking, and working when active. 42 U.S.C. § 12102(1)-(2); 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(h)(1); 29 C.F.R. § 1630.2(i)(1).

20.     Plaintiff had one or more disabilities and/or had a record of having one or more disabilities when Plaintiff submitted her request for reasonable accommodations to Defendant and when Defendant refused and failed to accommodate Plaintiff's request for reasonable accommodations.

21.     Plaintiff had one or more disabilities, had a record of having one or more disabilities, and/or Defendant regarded her as having one or more disabilities within the meaning of the ADA, its implementing Regulations, and the FCRA, when Defendant took adverse employment actions against Plaintiff and ultimately terminated her employment on or around June 28, 2019.

22.     Plaintiff is a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), and the FCRA in that Plaintiff, at all times material herein, was an individual who, with or without reasonable accommodation, could have and can perform the essential functions of the Style Team Leader position that she held with Defendant.

23.     Plaintiff is a qualified individual with a disability and is protected from unlawful employment practices on the basis of disability, including disability discrimination, failure to provide reasonable accommodations, retaliation, and other unlawful actions of

Defendant as alleged herein, under the ADA, its implementing Regulations, in addition to the FCRA.

24.     Defendant TARGET CORPORATION (hereinafter referred to as "Defendant" or "Target") is a Minnesota Business Corporation duly authorized to conduct business in the State of Florida.

25.     At all times material herein, Defendant regularly conducted, and continues to conduct, business at Target Store T-0813 located at 4271 Tamiami Trail S, Venice, Florida 34293.

26.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the FMLA and federal and state civil rights laws referenced herein.

27.     At all times material herein, Defendant was and is an employer that has more than five hundred (500) employees in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

28.     At all times material herein, Defendant was and is an employer within the meaning of the FMLA. 29 U.S.C. § 2611(4). At all material times herein, Defendant was and is an employer covered by the FMLA as it was and is engaged in commerce or in an industry or activity affecting commerce and employs more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 C.F.R. § 825.104.

29.     Accordingly, Defendant is liable under FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

30. Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), and the FCRA, § 760.02(6), Florida Statutes. Defendant is a "person" within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

31. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5), 42 U.S.C. § 2000e(b), and § 760.02(7), Florida Statutes. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) and within the meaning of 42 U.S.C. § 12111(5) because Defendant is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Thus, Defendant is also a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

32. Accordingly, Defendant is liable under the ADA, its implementing Regulations, and the FCRA for unlawfully discriminating against Plaintiff on the basis of disability, failing to accommodate Plaintiff's request for reasonable accommodations, and retaliating against Plaintiff as more fully alleged herein.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

33. Plaintiff has exhausted all administrative prerequisites to file a lawsuit under the FCRA.

34. On or around August 14, 2019, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission

("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on disability, age, and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated August 12, 2019 and stamped received August 14, 2019, is attached hereto and incorporated herein as Exhibit "A".

35.     On July 9, 2020, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2019-02880) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated July 9, 2020, is attached hereto and incorporated herein as Exhibit "B".

36.     This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated and mailed July 9, 2020, from the EEOC in reference to EEOC Charge No. 511-2019-02880.

37.     Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

38.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

39.     On or around March 31, 1992, Defendant hired Plaintiff as a Food Service Team Member.

40.     Throughout her period of employment with Defendant, Plaintiff held several positions and mainly worked for Defendant at Target Store T-0813 located in Venice, Florida.

41.   On or around October 26, 2014, Defendant promoted Plaintiff to the position of Style Team Leader, the position that Plaintiff held until Defendant wrongfully terminated her on or around June 28, 2019.

42.   At all times material herein, Plaintiff's supervisor was Defendant's Manager (Target Executive Team Leader) Tracy Reutzel ("Ms. Reutzel").

43.   At all times material herein, Defendant's Store Manager (Target Store Team Lead) was Abraham Spahn ("Mr. Spahn"), who also managed Plaintiff and her work.

44.   At all material times herein, during her period of employment with Defendant, Plaintiff suffered from episodic bouts of vertigo.

45.   As alleged above, Plaintiff's vertigo is a serious health condition within the meaning of the FMLA in that it is an impairment and physical condition that involved continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

46.   In addition, as alleged above, Plaintiff's vertigo is a disability within the meaning of the ADA, its implementing Regulations, and the FCRA because it is a physical impairment that substantially limits one or more major life activities, including, but not limited to, performing manual tasks, seeing, walking, standing, reading, concentrating, thinking, and working when active.

47.   At all times material herein, Defendant and its employees, managers, and/or agents, including its Human Resources personnel and Plaintiff's supervisors, Manager Ms. Reutzel and Store Manager Mr. Spahn, knew of and were aware of Plaintiff's disability and serious health condition of vertigo.

48.   Plaintiff notified Defendant about her serious health condition and disability and required intermittent leave under the FMLA, ADA, and FCRA. Defendant did not acknowledge her

requirements/requests for reasonable accommodations, nor did it inform Plaintiff of her rights under the aforementioned laws.

49. On the contrary, Defendant's Human Resources personnel and Plaintiff's supervisors had a discussion during which they determined that (i) they would find or create a justification to terminate Plaintiff's employment; and (ii) although Plaintiff may qualify for protective leave related to her vertigo, they would not inform her of such.

50. Unfortunately for Plaintiff, Defendant had and has a pattern and practice of pushing out its older employees over the age of forty (40) without cause: in 2016, Carrie was terminated at the age of forty-eight (48); in 2017, Sandy was forced to retire at the age of sixty (60); and in 2018, Sue, then over the age of fifty (50), was forced to transfer Target Stores after she alleged age/disability discrimination.

51. As an individual over the age of forty (40) who also suffered from serious health condition and disability that required intermittent leave from time-to-time, Plaintiff was also subjected to adverse employment actions by Defendant.

52. In August 2018, Defendant, by and through its employees, managers, and agents, began a campaign to nitpick Plaintiff and justify pretextual reasons for terminating her employment with Defendant.

53. For instance, in August 2018, although no other Target Team Leaders were subject to this requirement, Plaintiff's supervisor Ms. Reutzel requested that Plaintiff email her at the end of each week and provide her with an update of what occurred.

54. On or around September 13, 2018, Plaintiff was forced to call in sick because she was experiencing a vertigo episode and Defendant marked her absence as unexcused.

55. On numerous occasions during the relevant time period, Defendant's Managers required the Style Team led by Plaintiff to share its employees with other Target Teams; however, Defendant's Managers did not provide similar assistance to Plaintiff and the Style Team.

56. On or around November 14, 2018, Defendant's Store Manager Mr. Spahn berated Plaintiff in front of others because of a miscommunication between management. Mr. Spahn later apologized to Plaintiff.

57. During the time period of December 9 to December 20, 2018, Defendant's management permanently pulled two (2) employees from the Style Team led by Plaintiff and placed them with the Toys Team. Plaintiff's supervisor Ms. Reutzel informed Plaintiff that she was overscheduled, the following day, a Human Resources employee confirmed that what Ms. Reutzel told Plaintiff was false as she had been scheduled at normal levels.

58. On January 13, 2019, Defendant's management reprimanded Plaintiff about her attendance. While Plaintiff explained her vertigo, the symptoms she was experiencing, and her need for intermittent leave to her supervisor Ms. Reutzel, Ms. Reutzel ignored Plaintiff's statements and expressed need for intermittent leave. Instead of recommending that Plaintiff take protected leave and/or informing Plaintiff of her rights, Ms. Reutzel asked Plaintiff why she could not retire.

59. Defendant's management continued to take employees from Plaintiff's Style Team and place them in other Departments without offering her any assistance from other Team Leaders or Managers.

60. In January, February, and March 2019, Plaintiff's Team Members were pulled from the Style Team to perform the "breakout" which resulted in the loss of Team Members on a routine, continuous basis from the Plaintiff's Style Team to other Teams.

61.     From March 7 to March 14, 2019, Plaintiff had five (5) call-offs and three (3) Team Members leave work early. Plaintiff requested assistance from her Ms. Reutzel with identifying team members seeking hours to fill these missing shifts. Ms. Reutzel told her to speak with Mr. Spahn. Plaintiff requested assistance and ideas from Mr. Spahn, but Mr. Spahn denied her requests. Plaintiff understood that she is required to have approval from an executive (Spahn/Reutzel) prior to pulling team members from other teams.

62.     On or about March 15, 2019, Plaintiff was then counseled by Ms. Reutzel about not requesting assistance from other Teams, despite Mr. Spahn denying her requests.

63.     On or around March 29, 2019, Plaintiff received an "Unacceptable Performance – Counseling" in which she was essentially reprimanded for not sufficiently staffing her Team and forcing other Departments to lose Team Members so that work was completed on the Style Team. This was blatantly false. To be clear, outside of calling in unscheduled employees/Team Members with open availability using hours allocated to her Team, Plaintiff did not borrow or take employees a single employee from other Teams. While counselling Plaintiff, Ms. Reutzel commented that "I guess you're shocked because you have never gotten written up before."

64.     On or around May 29, 2019, Plaintiff was again evaluated and received a Manager's Evaluation for the period of May 27 to May 28, 2019. Plaintiff received an "Unacceptable Performance – Final" job performance review by Defendant's Store Manager Mr. Spahn once again. The language of the write ups is verbatim to the counsel except for the additional of "with the most recent conversation of 5/20/2019."

65.     In late May 2019, prior to Plaintiff's termination, Defendant posted Plaintiff's Style Team Leader position for recruitment.

66.  Defendant did not offer Plaintiff a performance improvement plan nor an explanation for how to improve her performance. Because the only issue identified in the counsel or unacceptable performance review was false, Plaintiff did not understand what she could do to improve her performance since the only statements referred to actions which never took place.

67.  On or around May 30, 2019, Plaintiff made a Formal Inquiry with the EEOC. Plaintiff notified Defendant that she was being targeted for termination because of her disability and/or age. She did not receive any assistance and no investigation was taken.

68.  On or around June 28, 2019, Defendant terminated Plaintiff under false pretenses.

69.  At all times material herein, Plaintiff was a qualified individual who, with or without reasonable accommodations, could have performed all the essential functions of the Style Team Leader position with Defendant.

70.  Plaintiff is more than qualified to work as a Style Team Leader for Defendant as she possesses the requisite education, professional experience, skills and other qualifications.

71.  Defendant's conduct and actions as described in this Complaint constitute discrimination on the basis of disability in violation of Title I of the ADA, as amended, and its implementing Regulations, as amended, and the FCRA and/or on the basis of age in violation of the ADEA.

72.  Further, Defendant's conduct and actions with respect to its failure to provide reasonable accommodations to Plaintiff and its retaliation against Plaintiff for making such a request for reasonable accommodations as alleged herein also constitute violations of the FMLA, the ADA and its implementing Regulations, in addition to the FCRA.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*.**

## INTERFERENCE

73.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74.    Under the FMLA, an eligible employee may take up to twelve (12) weeks of leave during any twelve-month period for a serious health condition.

75.    The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any right guaranteed under the FMLA.

76.    As more particularly alleged herein above, at all times material herein, Plaintiff was and is an eligible employee, and Defendant was and is an employer, as defined by the FMLA.

77.    At all times material herein, Defendant was an employer within the meaning of the FMLA. 29 U.S.C. § 2611(4).

78.    At all material times herein, Defendant was and is an employer covered by the FMLA as it was and is engaged in commerce or in an industry or activity affecting commerce and employs more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 C.F.R. § 825.104.

79.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA.

80.    At all times material herein, Plaintiff was an eligible employee within the meaning of the FMLA as she had been employed for at least twelve (12) months, had been employed for at least 1,250 hours during the twelve-month period immediately preceding the commencement of her leave, and was employed at a worksite where fifty (50) or more

employees were employed by Defendant within seventy-five (75) miles of that worksite. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110.

81.    As more particularly alleged herein above, Plaintiff worked for Defendant for at least twelve (12) months before the date her FMLA leave was to begin and worked for Defendant at least 1,250 hours during the twelve-month period before the date her FMLA leave was to begin.

82.    At all times material herein, Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason for such leave.

83.    As more particularly alleged herein above, Plaintiff suffered from vertigo, a serious health condition that involved continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

84.    As more particularly alleged herein above, Plaintiff provided proper notice of her need for intermittent FMLA leave as she notified Defendant of the need to take intermittent FMLA leave in a timely manner and in a way that alerted Defendant that her absence would qualify as FMLA leave.

85.    Under the FMLA, Plaintiff was entitled to medically necessary leave as a result of her serious health condition. Defendant was obligated to provide Plaintiff, an employee who requested FMLA leave, up to twelve (12) weeks of unpaid leave and then reinstatement to her former position or an equivalent position with the same pay, benefits, and working conditions when she returned to work.

86.    However, Defendant interfered with and restrained Plaintiff's exercise of, and Plaintiff's attempt to exercise, her rights under the FMLA by, among other things, intentionally failing to inform Plaintiff of her right to take intermittent leave and instead deciding to find/create

a justification for terminating Plaintiff's employment (and, on one occasion, asking why Plaintiff could not just retire); using Plaintiff's request for leave as a motivating factor in taking disciplinary action against her; and failing to return Plaintiff to her former position or an equivalent position upon her return to work from intermittent FMLA leave in violation of the FMLA and instead altering the terms, conditions, and privileges of her employment with Defendant as a Style Team Leader.

87. Defendant willfully violated the FMLA and cannot demonstrate that its interference with Plaintiff's rights were made in good faith.

88. As a result of the Defendant's unlawful conduct alleged herein, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation.

89. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

90. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

91. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it interfered with the exercise of and the

attempt to exercise one or more of Plaintiff's rights guaranteed by the FMLA;

B.      Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous position as a Style Team Leader with retroactive seniority and granting her full backpay with interest, pension and related benefits;

C.      Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*.
## RETALIATION

92.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

93.     Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from

"discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

94.   As more particularly alleged herein above, at all times material herein, Plaintiff was and is an eligible employee, and Defendant was and is an employer, as defined by the FMLA.

95.   Plaintiff engaged in statutorily protected activity by exercising her right to request intermittent FMLA leave necessitated by her serious health condition of vertigo and reporting to management that she felt she was being targeted.

96.   Defendant knew that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to FMLA-protected leaves of absence.

97.   Defendant violated the FMLA and retaliated against Plaintiff by, among other things, reprimanding/disciplining Plaintiff under false pretenses and terminating Plaintiff's employment under false pretenses.

98.   Following Plaintiff's notifications of her need to take FMLA-qualifying intermittent leaves of absence, Plaintiff's supervisors, Defendant's Managers, began imposing additional requirements and job responsibilities upon Plaintiff that were not required of other employees in similar positions and disciplined, reprimanded, and gave Plaintiff negative performance reviews under false pretenses.

99.   Plaintiff's supervisors, Defendant's Managers, began harassing Plaintiff and reprimanded, disciplined, and gave Plaintiff negative performance reviews under false pretenses because of Plaintiff's FMLA-protected activity in exercising her right and/or attempting to exercise her FMLA right of requesting and taking intermittent FMLA leave due to her serious health condition.

100. A causal connection exists between Plaintiff's requesting and/or taking of intermittent FMLA leaves and Defendant's adverse employment actions and ultimate decision to terminate Plaintiff's employment.

101. As more particularly alleged herein above, Plaintiff was notified that her employment with Defendant was being terminated under false pretenses and without a legitimate non-discriminatory basis for the decision.

102. As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

103. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

104. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

105. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it retaliated against Plaintiff for exercising her rights under the FMLA;

B.      Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous position as a Style Team Leader with retroactive seniority and granting her full backpay with interest, pension and related benefits;

C.      Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION

106.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

107.   Title I of the ADA prohibits covered entities from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

108.   At all times material herein, Defendant was and is a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), in that the definition of "person" under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

109.   At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S.C. § 12111(5) because Defendant was and is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 12111(5). Thus, at all times material hereto, Defendant was and is also a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

110.   At all times material herein, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

111.   As more particularly alleged herein above, Defendant, by and through its employees, managers, and agents, discriminated against Plaintiff and altered the terms, conditions, and privileges of Plaintiff's employment by, among other things, harassing Plaintiff, reprimanding and disciplining Plaintiff without cause or justification, giving Plaintiff negative performance reviews under false pretenses, and ultimately terminating Plaintiff's employment because she had a "disability" within the meaning of the ADA.

112.   At all times material herein, Plaintiff was and is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, as she had and has one or

more physical impairments that substantially limit one or more major life activities; had a record of such impairments; and/or was regarded by Defendant as having such impairments. 42 USC § 12102(1)(A)–(C).

113. As more particularly described in the "PARTIES" and "GENERAL ALLEGATIONS" sections of this Complaint, at all times material herein, Plaintiff had disabilities within the meaning of the ADA and its implementing Regulations as she had one or more physical impairments that substantially limited one or more major life activities.

114. Plaintiff also had disabilities within the meaning of the ADA and its implementing Regulations in that she had a record of disabilities. Plaintiff had a record of disabilities because she had a history of, or had been misclassified as having, physical and mental impairments that substantially limit one or more major life activities.

115. Finally, Plaintiff had disabilities within the meaning of the ADA and its implementing Regulations in that Defendant regarded her as having one or more disabilities.

116. At all times material herein, Plaintiff was and is a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), in that Plaintiff was and is an individual who, with or without reasonable accommodation, could have performed the essential functions of the Style Team Leader position with Defendant.

117. Prior to and at the time that Defendant terminated Plaintiff's employment, Plaintiff was qualified for employment with Defendant as a Style Team Leader as she had the requisite education, professional experience, skills, and other job-related requirements for the position, and could have performed the essential functions of the position with Defendant, with or without reasonable accommodation.

118.   Defendant took adverse employment actions against Plaintiff and terminated Plaintiff's employment on the basis of Plaintiff's disabilities in violation of the ADA. 42 U.S.C. § 12112(a).

119.   Defendant did not have any legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment.

120.   Plaintiff has suffered, continues to suffer, and will continue to suffer harm as a direct result of Defendant's discrimination.

121.   As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    (a)   Lost wages and benefits, past and future;
    (b)   Lost earning capacity;
    (c)   Noneconomic damages, including, but not limited to:
        (i)     pain and suffering,
        (ii)    mental anguish,
        (iii)   severe depression,
        (iv)    anxiety and panic attacks,
        (v)     post-traumatic stress disorder,
        (vi)    loss of dignity,
        (vii)   loss of the capacity for the enjoyment of life,
        (viii)  irreparable damages to her family and relationships, and
        (ix)    other non-pecuniary losses and intangible injuries;
    (d)   Medical and related expenses; and
    (e)   Other economic losses proximately caused and allowable under the ACA, according to proof.

122.   Plaintiff is further entitled to any and all relief, including, but not limited to, equitable relief, permitted under the ADA. *See* 42 U.S.C. § 12117(a)(stating that the remedies and enforcement procedures available in Title VII of the Civil Rights Act of 1964 – including 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 – apply to actions for disability discrimination under the ADA).

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated Title I of the ADA, as amended, and its implementing Regulations, by discriminating against Plaintiff on the basis of disability;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, reinstatement with Defendant to the Style Team Leader position with retroactive seniority or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.      Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

**<u>COUNT IV</u>**
**VIOLATION OF THE AMERICAN WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**

123. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

124. Defendant discriminated against Plaintiff because of one or more of her disabilities by failing to provide reasonable accommodations for her disabilities within the meaning of the ADA.

125. Under the ADA, if an employer knows that an employee has a disability and needs a reasonable accommodation to perform the essential functions of her job, the employer must provide a reasonable accommodation.

126. As alleged herein above, at all times material herein, Defendant was a "person" within the meaning of the ADA in that the definition of "person" under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives. . ." 42 U.S.C. § 2000e(a). At all times material herein, Defendant was an "employer" within the meaning of the ADA. Thus, at all times material hereto, Defendant was a "covered entity" within the meaning of the ADA.

127. At all times material herein, Plaintiff was an employee of Defendant within the meaning of the ADA.

128. As alleged above, at all times material herein, Plaintiff was an individual with disabilities within the meaning of the ADA in that, *inter alia*, she had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

129. At all times material herein, Plaintiff suffered from a qualifying disability.

130.    At all times material herein, Plaintiff was a "qualified individual" with a disability within the meaning of the ADA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of Style Team Leader position that she held with Defendant.

131.    Prior to and at the time that Defendant terminated Plaintiff's employment, Plaintiff was qualified for employment with Defendant as a Style Team Leader as she had the requisite education, professional experience, skills, and other job-related requirements for the position, and could have performed the essential functions of the position with Defendant, with or without reasonable accommodation.

132.    As alleged herein, Defendant knew of and had notice of one or more of Plaintiff's disabilities, including her intermittent bouts of vertigo.

133.    As more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Plaintiff notified Defendant's management of her disability, vertigo, and the need for Plaintiff to take intermittent leaves due to her vertigo.

134.    This reasonable accommodation would have allowed Plaintiff to perform the essential functions of her position as a Style Team Leader.

135.    Defendant refused and failed to provide Plaintiff with this reasonable accommodation or any other reasonable accommodation.

136.    Defendant cannot claim that this reasonable accommodation would have imposed an undue hardship on Defendant.

137.    Defendant should have accommodated Plaintiff by, among other things, allowing her to take intermittent leaves of absence to which she was entitled under the FMLA, ADA, its implementing Regulations, and the FCRA.

138. After Plaintiff informed Defendant of her disability, vertigo, and requested accommodations, intermittent leave, Defendant should have made good faith efforts to consult with Plaintiff in order to identify and make reasonable accommodations.

139. However, Defendant failed to act in good faith or engage in any meaningful interactive process to identify and make reasonable accommodations for Plaintiff.

140. Defendant cannot claim that the accommodations that Plaintiff requested would have imposed an undue hardship on the operation of its business as the accommodations would not have caused significant difficulty or expense on the part of Defendant.

141. Defendant's refusal and failure to provide Plaintiff with reasonable accommodations led to and ultimately resulted in the termination of Plaintiff's employment.

142. Plaintiff has suffered, continues to suffer, and will continue to suffer harm as a direct result of Defendant's failure to provide Plaintiff with reasonable accommodations in violation of the ADA.

143. As a direct, proximate and foreseeable result of Defendant's failure to provide Plaintiff with reasonable accommodations, Plaintiff has suffered, continues to suffer, and will suffer the following:

    (a)    Lost wages and benefits, past and future;
    (b)    Lost earning capacity;
    (c)    Noneconomic damages, including, but not limited to:
        (i)    pain and suffering,
        (ii)    mental anguish,
        (iii)    severe depression,
        (iv)    anxiety and panic attacks,
        (v)    post-traumatic stress disorder,
        (vi)    loss of dignity,
        (vii)    loss of the capacity for the enjoyment of life,
        (viii)    irreparable damages to her family and relationships, and
        (ix)    other non-pecuniary losses and intangible injuries;
    (d)    Medical and related expenses; and

       (e)     Other economic losses proximately caused and allowable under the ACA, according to proof.

144.   Plaintiff is further entitled to any and all relief, including, but not limited to, equitable relief, permitted under the ADA.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated Title I of the ADA, as amended, and its implementing Regulations, by discriminating against Plaintiff and failing to provide her with reasonable accommodations;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, reinstatement with Defendant to the Style Team Leader position with the reasonable accommodation of intermittent leave or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.     Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

## COUNT V
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT RETALIATION

145.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

146.    The ADA prohibits retaliation against an individual for opposing an unlawful act or practice or for making a charge under the ADA. 42 U.S.C. § 12203(a).

147.    Defendant retaliated against Plaintiff because she took steps to enforce her lawful rights under the ADA. Plaintiff engaged in a statutorily protected expression or activity when she requested reasonable accommodations under the ADA from Defendant as alleged herein.

148.    As alleged herein, Plaintiff suffered adverse employment actions as a direct result of her request for reasonable accommodations and engagement in this protected expression or activity.

149.    Specifically, as a direct and proximate result of Plaintiff's request for reasonable accommodations and engagement in this protected expression or activity under the ADA, Defendant, through its employees, managers, and agents, ultimately terminated her employment.

150.    As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered, continues to suffer, and will suffer past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court

grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, as amended, and its implementing Regulations, by discriminating and retaliating against Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination and retaliation against her, including, but not limited to, reinstatement with Defendant to the Style Team Leader position with the reasonable accommodation intermittent leave and retroactive seniority or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory and retaliatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

G.    Grant such other and further relief as this Court deems just and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11 DISABILITY DISCRIMINATION

151.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

152. The FCRA provides that it is an unlawful employment practice for an employer to discriminate against an individual on the basis of, *inter alia*, an individual's "handicap." Fla. Stat. § 760.10(1)(a).

153. Plaintiff is a member of a protected class under the FCRA by way of her handicaps (disabilities).

154. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that, the definition "includes an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." Fla. Stat. § 760.02(6).

155. Defendant is an "employer" within the meaning of the FCRA, § 760.02(7), Florida Statutes, because Defendant is a "person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person." Fla. Stat. § 760.02(7).

156. At all material times herein, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

157. As such, Defendant is an "employer" within the meaning of § 760.02(7), Florida Statutes, and thus is liable under the FCRA for the disability discrimination suffered by Plaintiff as alleged herein.

158. As applied to discrimination based on a handicap (disability), the FCRA is construed in conformity with the ADA, 42 U.S.C. §§ 12101 *et. seq*.

159. At all times material herein, Plaintiff was an individual with a handicap (disability) within the meaning of the FCRA as she had one or more physical impairments that substantially limited one or more major life activities; had a record of such impairments; and/or was regarded by Defendant as having such impairments.

160. At all times material herein, Plaintiff had handicaps (disabilities) within the meaning of the FCRA as she had one or more physical impairments that substantially limited one or more major life activities as more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint.

161. Plaintiff also had disabilities within the meaning of the FCRA in that she had a record of disabilities. Plaintiff had a record of disabilities because she had a history of, or had been misclassified as having, physical and mental impairments that substantially limit one or more major life activities.

162. Finally, Plaintiff had disabilities within the meaning of the FCRA in that Defendant regarded her as having disabilities.

163. At all times material herein, Plaintiff was a "qualified individual" with a disability in that she was an individual who, with or without reasonable accommodation, could have performed the essential functions of the Style Team Leader position that she held with Defendant.

164. Prior to and at the time that Defendant terminated Plaintiff's employment, Plaintiff was qualified for employment with Defendant as a Style Team Leader as she had the requisite education, professional experience, skills, and other job-related requirements for the position, and could have performed the essential functions of the position with Defendant, with or without reasonable accommodation.

165.   Defendant knew of Plaintiff's handicaps (disabilities).

166.   By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her handicaps (disabilities), record of such handicaps (disabilities), and/or perceived handicaps (disabilities) in violation of the FCRA.

167.   By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant, by and through the conduct of its employees, managers, and agents, took tangible adverse employment actions against Plaintiff.

168.   Plaintiff suffered an adverse employment action when Defendant, among other things, terminated Plaintiff's employment.

169.   The discrimination to which Plaintiff was subjected by Defendant was based on her handicaps (disabilities).

170.   Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

171.   The discriminatory conduct of Defendant, and its employees, managers, and agents, against Plaintiff on the basis of handicap (disability), has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

172.   As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

   (a)   Lost wages and benefits, past and future;
   (b)   Lost earning capacity;

(c)    Noneconomic damages, including, but not limited to:
- (i)    pain and suffering,
- (ii)    mental anguish,
- (iii)    severe depression,
- (iv)    anxiety and panic attacks,
- (v)    post-traumatic stress disorder,
- (vi)    loss of dignity,
- (vii)    loss of the capacity for the enjoyment of life,
- (viii)    irreparable damages to her family and relationships, and
- (ix)    other non-pecuniary losses and intangible injuries;

(d)    Medical and related expenses; and

(e)    Other economic losses proximately caused and allowable under the FCRA, according to proof.

173.    Plaintiff is entitled to recover reasonably attorneys' fees and litigation expenses pursuant to the FCRA.

174.    Plaintiff has no plain, adequate, or complete remedy at law for the actions Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff on the basis of her handicap (disability);

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement with Defendant to the Style Team Leader position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly, adequately,

and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

### COUNT VII
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11 FAILURE TO ACCOMMODATE

175.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

176.    At all times material herein, Plaintiff was an individual with "handicaps" (disabilities) within the meaning of the FCRA and ADA.

177.    As alleged above, at all times material herein, Plaintiff was an individual with handicaps (disabilities) within the meaning of the FCRA and ADA in that, *inter alia*, she had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

178.    At all times material herein, Plaintiff suffered from qualifying handicaps (disabilities).

179.    At all times material herein, Plaintiff was a qualified individual with handicaps (disabilities) within the meaning of the FCRA and ADA in that Plaintiff was an individual

who, with or without reasonable accommodation, could have performed the essential functions of the Style Team Leader position that she held with Defendant.

180.  Prior to and at the time that Defendant terminated Plaintiff's employment, Plaintiff was qualified for employment with Defendant as a Style Team Leader as she had the requisite education, professional experience, skills, and other job-related requirements for the position, and could have performed the essential functions of the position with Defendant, with or without reasonable accommodations.

181.  As alleged herein, Defendant knew of and had notice of Plaintiff's handicaps (disabilities).

182.  As alleged herein, Plaintiff submitted requests to Defendant for reasonable accommodations, intermittent leave, due to her vertigo.

183.  This reasonable accommodation would have allowed Plaintiff to perform the essential functions of her position as a Style Team Leader.

184.  Defendant refused and failed to provide Plaintiff with a reasonable accommodation.

185.  Defendant cannot claim that this reasonable accommodation would have imposed an undue hardship on Defendant.

186.  Defendant refused and failed to accommodate Plaintiff's request for reasonable accommodations and instead began harassing Plaintiff, disciplining and reprimanding Plaintiff without case or justification, gave Plaintiff negative performance reviews under false pretenses, and ultimately terminated Plaintiff's employment.

187.  As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff on the basis of her handicap (disability);

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement to the Style Team Leader position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court deems just and proper.

## COUNT VIII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11

**RETALIATION**

188.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

189.   Plaintiff engaged in statutorily protected expression or activity when she, in good faith, requested reasonable accommodations from Defendant.

190.   By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant engaged in unlawful employment practices and retaliated against Plaintiff because she requested reasonable accommodations and engaged in this statutorily protected expression or activity.

191.   As alleged more particularly herein above, after requesting intermittent leave as a reasonable accommodation, Defendant, by and through its employees, managers, and/or agents, began taking adverse employment actions against Plaintiff and ultimately terminated Plaintiff's employment.

192.   As a direct and proximate result of Plaintiff's request for reasonable accommodations and engagement in this protected expression or activity under the ADA, Defendant, its employees, managers, and agents, took the aforementioned adverse employment actions more particularly alleged in the "GENERAL ALLEGATIONS" section of the Complaint against Plaintiff and ultimately terminated her employment.

193.   The retaliatory conduct of Defendant, and its employees, managers, and/or agents, against Plaintiff resulting from her making requests for reasonable accommodations, has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

194.   As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental

anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of Defendant's retaliation against her, including, but not limited to, an offer of reinstatement with Defendant to the Style Team Leader position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory and retaliatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

**COUNT IX**

**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT, 29. U.S.C. § 621 *et. seq.*
AGE DISCRIMINATION**

195.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

196.    At all times material herein, Defendant was Plaintiff's employer as defined by the ADEA.

197.     At all times material herein, Plaintiff was over the age of forty (40) and was a member of a protected class under the ADEA.

198.    At the time of her wrongful termination, Plaintiff was qualified for her position with Defendant and was performing her job satisfactorily.

199.    By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of age in violation of the ADEA.

200.    By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant, by and through the conduct of its employees, managers, and/or agents, took tangible adverse employment actions against Plaintiff.

201.    Plaintiff suffered an adverse employment action when Defendant, among other things, terminated Plaintiff's employment.

202.    Further, by the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant, by and through the conduct of its employees, managers, and/or agents, also subjected Plaintiff to harassment and a hostile work environment based upon her age.

203. Defendant, by and through the conduct of its employees, managers, and/or agents, treated Plaintiff less favorably than other similarly situated, younger employees.

204. The discrimination to which Plaintiff was subjected by Defendant was based on her age.

205. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

206. Upon information and belief, subsequent to the termination of Plaintiff's employment, Plaintiff's position, duties and responsibilities were assumed by a younger and less experienced individual.

207. Defendant terminated Plaintiff's employment in a knowing or reckless disregard of the requirements of the ADEA.

208. Defendant's termination of Plaintiff's employment was based on age in violation of the ADEA. The violation was willful within the meaning of the ADEA.

209. As alleged more particularly in the "GENERAL ALLEGATIONS" section of the Complaint herein above, Defendant has forced out older employees and systematically discriminated against employees over the age of forty (40), including Plaintiff, on the basis of age.

210. The discriminatory conduct of Defendant, and its employees, managers, and agents, against Plaintiff on the basis of age, has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

211. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADEA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    (a)    Lost wages and benefits, past and future;
    (b)    Lost earning capacity;

      (c)    Noneconomic damages, including, but not limited to:
- (i)     pain and suffering,
- (ii)    mental anguish,
- (iii)   severe depression,
- (iv)   anxiety and panic attacks,
- (v)    post-traumatic stress disorder,
- (vi)   loss of dignity,
- (vii)  loss of the capacity for the enjoyment of life,
- (viii) irreparable damages to her family and relationships, and
- (ix)   other non-pecuniary losses and intangible injuries;

      (d)    Medical and related expenses; and

      (e)    Other economic losses proximately caused and allowable under the ADEA, according to proof.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADEA by discriminating against Plaintiff on the basis of her age;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement with Defendant to the Style Team Leader position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related employment benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of Defendant's discriminating against her on the basis of her age;

D.    Award Plaintiff pre- and post-judgment interest;

E.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of

this action; and

F.      Grant such other and further relief as this Court deems just and proper.

## COUNT X
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
## AGE DISCRIMINATION

212.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 72  of this Complaint as though fully set forth herein.

213.   The FCRA provides that it is an unlawful employment practice for an employer to discriminate against an individual on the basis of an individual's age. Fla. Stat. § 760.10(1)(a).

214.   Plaintiff who is over the age of forty (40) is a member of a protected class under the FCRA by way of her age.

215.   By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of age in violation of the FCRA.

216.   By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant, by and through the conduct of its employees, managers, and/or agents, took tangible adverse employment actions against Plaintiff.

217.   Plaintiff suffered an adverse employment action when Defendant, among other things, terminated Plaintiff's employment.

218.   Defendant, by and through the conduct of its employees, managers, and/or agents, treated Plaintiff less favorably than other similarly situated, younger employees.

219. Defendant, by and through the conduct of its employees, managers, and/or agents, also subjected Plaintiff to harassment and a hostile work environment based upon her age.

220. The discrimination to which Plaintiff was subjected by Defendant was based on her age.

221. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

222. The discriminatory conduct of Defendant, and its employees, managers, and agents, against Plaintiff on the basis of age, has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

223. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

> (a)   Lost wages and benefits, past and future;
> (b)   Lost earning capacity;
> (c)   Noneconomic damages, including, but not limited to:
> > (i)     pain and suffering,
> > (ii)    mental anguish,
> > (iii)   severe depression,
> > (iv)   anxiety and panic attacks,
> > (v)    post-traumatic stress disorder,
> > (vi)   loss of dignity,
> > (vii)  loss of the capacity for the enjoyment of life,
> > (viii) irreparable damages to her family and relationships, and
> > (ix)   other non-pecuniary losses and intangible injuries;
> (d)   Medical and related expenses; and
> (e)   Other economic losses proximately caused and allowable under the FCRA, according to proof.

224. Plaintiff is entitled to recover reasonably attorneys' fees and litigation expenses pursuant to the FCRA.

225. Plaintiff has no plain, adequate, or complete remedy at law for the actions Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff, TERESA D. PATRICK, demands judgment against Defendant, TARGET CORPORATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff on the basis of her age;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement with Defendant to the Style Team Leader position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

226.   Plaintiff hereby demands trial by jury on all issues so triable as of right by jury in this

matter.

Respectfully submitted this 18th day of August, 2020.

By: /s/ Frank M. Malatesta, Esquire_____
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.:  (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel  for Plaintiff*